BARBARA A. COUILLARD, administratrix, *vs.* RONALD A. PICK.

Middlesex.   February 5, 1986. — June 16, 1986.

Present: LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Negligence*, Ambulance, In obtaining insurance policy. *Actionable Tort.*

In an action by the personal representative of a patient whose death was the alleged result of the negligence of an ambulance crew who were transporting him, a judge of the Superior Court properly dismissed the plaintiff's claim against the president of the corporation which operated the ambulance service, seeking recovery for his allegedly negligent failure to renew the corporation's policy of general liability insurance, where, since the corporation had no duty, either by statute or regulation, or at common law, to carry such insurance coverage, the plaintiff's decedent could not be considered as having reasonably and foreseeably relied on the policy's being in effect. [757-760]

CIVIL ACTION commenced in the Superior Court Department on April 13, 1984.

The case was heard by *Joseph S. Mitchell*, J., on a motion to dismiss.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Ronald I. Bell* for the plaintiff.

*Francis A. Gaimari* for the defendant.

O'CONNOR, J. On November 12, 1981, Roland A. Couillard was transported in an ambulance owned and operated by American Ambulance and Medical Rescue Service, Inc. (American Ambulance). Allegedly as a consequence of negligence committed by American Ambulance personnel while en route, Couillard died. Couillard's wife, the plaintiff, Barbara A. Couillard, brought this action against both American Ambulance, to recover compensation for her late husband's injuries and death, and Ronald A. Pick, the president of American Ambulance, for negligently failing to renew the ambulance

company's "[e]rrors and [o]missions policy . . . which pro-
vided, among other things, general liability coverage for . . .
American Ambulance." The plaintiff alleges that such coverage
should have been available to compensate the plaintiff in the
event she was successful in her negligence action against the
company.

The defendant Pick filed a motion to dismiss under Mass.
R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), on the ground
that nothing required him to secure the particular insurance at
issue. A judge of the Superior Court allowed the motion and
ordered final judgment to be entered in favor of Pick under
Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974). The Appeals
Court affirmed the dismissal, *Couillard* v. *American Ambu-
lance & Medical Rescue Serv., Inc.*, 19 Mass. App. Ct. 1112
(1985), stating, in an unpublished memorandum, that count 3
of the plaintiff's complaint "fails to disclose any duty owed
the plaintiff by defendant Pick, under the then-applicable reg-
ulations promulgated pursuant to G. L. c. 111C, to provide
the general liability insurance which defendant Pick allowed
to lapse." [1] The case came here on the plaintiff's motion for
further appellate review. We affirm.

The plaintiff's amended complaint is in three counts. The
first two counts are directed against American Ambulance and
are not involved in this appeal. Count 3 alleges Pick's liability
on a theory of tort. In substance, the plaintiff contends that
G. L. c. 111C and the rules and regulations promulgated there-
under, and the common law, impose a duty upon Pick as the
president and sole director of American Ambulance to procure
insurance coverage providing benefits to members of the gen-
eral public injured, not as a result of a motor vehicle collision,
but as a result of the general operation of the defendant's

---

[1] Both the plaintiff and the Appeals Court refer to " 'Regulations for the
Implementation of Massachusetts General Law Chapter 111C, Regulating
Ambulances and Ambulance Services,' § 4.5 (a), appearing in 9-4 Code
Mass. Regs. Part 4, effective April 1, 1975," as the regulations effective
on November 12, 1981. However, those regulations were updated and
replaced by the provisions, relevant here, appearing in the January 1, 1978,
version of 105 Code Mass. Regs. §§ 170.000 et seq.

ambulance service. Pick's failure to "maintain the appropriate and required insurance," the plaintiff alleges, is negligence.

Pick is only liable to the plaintiff on a tort theory if he violated a duty to the plaintiff imposed by law. *Flattery* v. *Gregory, ante* 143, 145 (1986). *Monadnock Display Fireworks, Inc.* v. *Andover*, 388 Mass. 153, 156 (1983). We consider, therefore, whether the allegations in the complaint permit proof of facts establishing a legally recognized duty in this case.

We have never recognized a duty to procure insurance, absent a statute or regulation establishing such an obligation. Recently, in a case analogous to this, we explicitly rejected a claim that an insurance agent committed a tort against a traveler injured on the highway by failing to obtain optional liability coverage for the insured tortfeasor's automobile. We concluded that the plaintiff in that case could not be said to have rightfully and foreseeably expected such insurance to be in effect and to have relied on it. *Flattery* v. *Gregory, supra* at 147. We held that, in the absence of such foreseeable reliance, the defendant insurance agent owed no duty to the plaintiff. *Id.* In the cases in which this court has recognized a tort duty to secure insurance, see *Rae* v. *Air-Speed, Inc.*, 386 Mass. 187, 193 (1982) (workers' compensation), and *LaClair* v. *Silberline Mfg. Co.*, 379 Mass. 21, 26-30 (1979) (same), the plaintiffs' expectations concerning the existence of such insurance were "rightful and foreseeable because the insurance was mandated by statute." *Flattery* v. *Gregory, supra.* The same principles apply fully to the plaintiff's negligence claim in this case. Consequently, unless G. L. c. 111C or the rules and regulations promulgated thereunder imposed an obligation on ambulances and ambulance services to carry general liability insurance coverage, thereby establishing the rightfulness of the plaintiff's reliance, the plaintiff has failed to plead a claim which, under any set of facts that could be proved, would entitle her to relief. We turn, therefore, to the law governing ambulance and ambulance service insurance.

General Laws c. 111C, § 2 (9) (1984 ed.), gives the Department of Public Health the power, "subject to the provisions of section three," to "make rules and regulations regarding

adequate insurance coverage for licensed ambulance services and for operators and attendants of certified ambulances." Section 3 states in part: "On or after July first, nineteen hundred and seventy-seven no original or renewal license shall be issued hereunder except in the case of ambulance services owned or operated by an agency or political subdivision of the commonwealth unless the applicant has received and there is in effect a contract of insurance conforming to the rules and regulations established by the department, subject to the provisions of chapter one hundred and seventy-five."

Contrary to the plaintiff's argument, nothing which appeared in 105 Code Mass. Regs. §§ 170.000 et seq. (1978), promulgated to implement G. L. c. 111C, compelled an ambulance service to carry insurance other than motor vehicle liability insurance. Specifically, there was no requirement that an ambulance service carry general liability insurance. Under 105 Code Mass. Regs. § 170.125 (1978), an ambulance company was required to register its vehicles and to maintain certain minimum "insurance coverages for each of its ambulances."[2] However, the plaintiff does not allege that the defendant failed to carry proper motor vehicle insurance. Nowhere in the statute or regulations is it stated that an ambulance company must maintain errors and omissions insurance or general liability insurance in order to operate. Moreover, nothing in G. L. c. 111C, §§ 2 (9), 3 or 12 (1984 ed.), or 105 Code Mass. Regs. §§ 170.600 et seq. (1978), which governed licenses, implies that the Legislature or the Department of Public Health intended that such insurance be required.

---

[2] Title 105 Code Mass. Regs. § 170.125 (1978) read in part:

"(C) Each ambulance service governed by 105 CMR 170.125(A) and 170.125(B), with exceptions set forth in 105 CMR 170.125(A) and 170.125(E) shall carry the following insurance coverages for each of its ambulances:

"(1) A minimum of $100,000 on account of injury to or death of any one person;

"(2) Subject to the limit as respects injury to or death of one person, a minimum of $500,000 on account of any one accident resulting in injury to or death of more than one person;

"(3) A minimum of $25,000 because of injury to or destruction of property of others in any one accident."

We have not found any statutory or regulatory authority supporting the plaintiff's claim that Pick was obliged to carry errors and omissions or general liability insurance. No common law duty compelled Pick to maintain such coverage either. Consequently, we hold that there are no facts which could be proved under the plaintiff's complaint against Pick which would entitle her to relief. Count 3 of the complaint was properly dismissed.

*Judgment affirmed.*