THOMAS A. BALDWIN[1] *vs.* ROBERT MORTIMER & others.[2]

Suffolk.   April 7, 1988. — August 3, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Insurance*, Motor vehicle insurance. *Negligence*, Insurance agent, In obtaining insurance policy. *Contract*, Parties, To obtain insurance.

In an action arising from a collision between a tractor-trailer rig and an automobile driven by the plaintiff, summary judgment was properly entered for the defendants on the plaintiff's claims against the tractor-trailer owner's former insurance agent, the agent's employer, and an insurance company alleging negligence in that they procured an insurance policy on the tractor that was subject to a standard "mixing" exclusion, where nothing in the record indicated that the plaintiff had foreseeably relied upon any promise by the defendants to insure the rig in a particular amount. [144]

In an action for damages arising from a collision between a tractor-trailer and an automobile driven by the plaintiff, summary judgment was properly entered for the defendants on the plaintiff's claims against the tractor-trailer owner's former insurance agent, the agent's employer, and an insurance company alleging that the plaintiff was a third-party beneficiary of a contract by which the defendants promised to provide insurance without a standard "mixing" exclusion, where nothing in the record provided any factual basis to prove the existence of a contract on the alleged terms. [144-145]

CIVIL ACTION commenced in the Superior Court Department on June 16, 1981.

The case was heard by *Guy Volterra*, J., on a motion for summary judgment, and judgment was entered by *Barbara J. Rouse*, J.

---

[1] Individually and as administrator of the estate of his wife, Angelina Baldwin.

[2] Peerless Insurance Company and Paul Arnold Associates Insurance Agency of Massachusetts, Inc.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John T. Burns* for the plaintiff.

*Michael R. Heyison* (*Richard A. Johnston* with him) for Robert Mortimer & another.

*Robert H. Flynn* for Peerless Insurance Company.

LIACOS, J. This action stems from a March, 1981, vehicular accident. An automobile driven by the plaintiff, Thomas Baldwin,[3] collided with a tractor-trailer rig owned by one Donald Valenti.[4] The 1975 Peterbilt tractor was insured by the defendant, Peerless Insurance Company (Peerless). The Summit trailer, attached to the Peterbilt tractor, was insured by the Hanover Insurance Company (Hanover). The Peerless policy provided optional liability coverage of $100,000/$300,000, subject to a standard mixing exclusion. The exclusion provided for only the statutory minimum of $10,000/$20,000 liability coverage if the individual tractor or trailer unit was mixed with a unit which another company insured. See *Desrosiers* v. *Royal Ins. Co.*, 393 Mass. 37, 43-46 (1984) (explaining the standard mixing exclusion).

Baldwin seeks damages from Valenti's former insurance agent, Robert Mortimer; Mortimer's employer, Paul Arnold Associates Insurance Agency of Massachusetts, Inc. (Paul Arnold); and Peerless. He alleges negligence in Mortimer's procurement of a policy with Peerless, through Paul Arnold, that contained the mixing exclusion. Further, he alleges, as a third-party beneficiary, a breach of contract with Valenti by Mortimer in procuring the insurance policy containing the exclusion. Summary judgment entered for the defendants, and the plaintiff appealed. We transferred the case to this court on our own motion, and affirm.

The burden on a party moving for summary judgment is to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

[3] Baldwin's wife, now deceased, was also in the automobile at the time of the accident.

[4] Baldwin settled his claim for damages against Valenti.

of law." Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). "Once the defendants [meet] their burden in moving for summary judgment, the burden shift[s] to the plaintiff to show with admissible evidence the existence of a dispute as to material facts." *Godbout* v. *Cousens*, 396 Mass. 254, 261 (1985). Specific facts, and not mere allegations, are required. *Id.*

We consider first the plaintiff's tort claims. "In the present case . . . the plaintiff clearly did not foreseeably rely on the [defendant's] motor vehicle being insured in an amount greater than that required by G. L. c. 90, § 34A (1984 ed.). We have never held that in the absence of foreseeable reliance on the promised services being performed by someone, a promisor of services may be liable in tort not only to the promisee but also to potential beneficiaries of the promise." *Flattery* v. *Gregory*, 397 Mass. 143, 147 (1986). See *Couillard* v. *Pick*, 397 Mass. 756, 758 (1986). These cases are dispositive of this issue. There is nothing in this record to indicate a possibility of the foreseeable reliance specified by *Flattery*. The defendant is entitled to judgment on the negligence counts as matter of law.

The plaintiff also seeks recovery in various contract counts of his complaint, claiming to be a beneficiary of an implied contract between Mortimer and Valenti to provide Valenti with additional coverage without the standard mixing exclusion clause. We consider whether the complaint, together with the affidavits submitted, establishes sufficient facts to support the claims. In *Flattery, supra* at 148, we concluded that "whether or not the promised insurance [is] compulsory is irrelevant to the plaintiff's contract claim." As an initial matter, however, a plaintiff must prove that both (1) a contract existed, and (2) the plaintiff is an intended beneficiary of that contract. See *Rae* v. *Air-Speed, Inc.*, 386 Mass. 187, 194-195 (1982); *Telephone Answering Serv. of Boston, Inc.* v. *New England Tel. & Tel. Co.*, 358 Mass. 822, 823 (1971).

The undisputed facts are as follows. In 1979, Valenti purchased the 1975 Peterbilt tractor and a Fruehauf trailer. His agent at that time, Mortimer, obtained a combination liability

and physical damage policy for both the tractor and the trailer through Hanover. The Hanover policy provided, above the statutory minimum, $100,000/$300,000 optional liability coverage.

In April, 1980, Mortimer left his former agency and began work at Paul Arnold. In August, 1980, he obtained, through Paul Arnold, a combined liability and physical damage insurance policy for Valenti's 1975 Peterbilt tractor and Fruehauf trailer. Peerless issued the policy, which contained the optional $100,000/$300,000 liability coverage, subject to the standard tractor-trailer mixing exclusion. In November, 1980, Mortimer left Paul Arnold. The following January, Valenti purchased an additional rig consisting of a 1972 Peterbilt tractor and Summit trailer. He did not use Paul Arnold to obtain coverage for this rig, which Hanover insured.

Missing from the record is any indication that, at any time during his service to Valenti, Mortimer was expected, or required, to obtain optional liability coverage without the mixing exclusion. The record is silent as to the terms of the original Hanover policy. Moreover, throughout the time that Mortimer handled the account, Valenti owned one rig insured through one company (either Hanover or Peerless). No mixing problem occurred until Valenti bought the new rig in 1981 and, without Mortimer's participation, obtained insurance with Hanover. This happened after Mortimer left Paul Arnold. Thus, the plaintiff failed to provide any factual basis to prove the existence of a contract on the alleged terms, let alone its breach by Mortimer, Paul Arnold, or Peerless.

The motions for summary judgment were granted properly.

*Judgment affirmed.*