Donohue, J.
This is a wrongful death suit brought by the plaintiff, the Estate of Edward E. Walenty, against the defendants, the Town of Mendon, the County of Worcester and the Commonwealth of Massachusetts. The Town of Mendon has now moved for summary judgment with respect to the entire complaint pursuant to Rule 56 and Rule 54(b) of the Massachusetts Rules of Civil Procedure. For the reasons stated below, the defendant’s motion for summary judgment is hereby DENIED.
BACKGROUND
On June 10, 1994, at approximately 10:00 p.m., Edward E. Walenty (“Waleniy”) was struck and killed by an automobile while crossing Route 140 in Mendon, Massachusetts. Route 140, in the vicinity where Walenty was struck and killed, is a state-owned highway which was not illuminated at the time. Officer William McClintock of the Mendon Police Department was investigating the situation for the Town and has stated that the dark condition of the road played a part in the fatal accident. The Estate of Waleniy (the “Estate”) subsequently filed a wrongful death suit against the Town of Mendon (the “Town”), the Worcester County, and the Commonwealth of Massachusetts. The Estate in part claims that the Town was responsible for lighting the vicinity of Route 140 where Walenty was struck and killed. The Estate alleges that the Town’s failure to illuminate Route 140 violated a Town “policy” to light all intersections within the Town.
On November 17, 1995, Michael E. Boynton (“Boynton”), the Administrative Assistant for the *60 Town, wrote a letter to William E. Walenty, Walenty’s son, of 46 Cape Road (also known as Route 140) in Mendon, Massachusetts, and other abutters of the intersection of Route 140 and Barrows Road. The letter informed Walenty’s son, and other abutters, that the Town was exploring the possibility of placing a streetlight at the intersection of Route 140 and Barrows Road. The letter goes on to state that the “Selectmen are considering this streetlight placement in accordance with town policy which directs that all intersections in the town be illuminated with streetlights.”
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. For purposes of judging whether summary judgment should be granted, the existence of disputed facts is consequential only if those facts have a material bearing on disposition of the case. Norwood v. Adams-Russel Co., 401 Mass. 677, 683 (1988).
Where the opposing party bears the burden of proof at trial, the party moving for summary judgment is entitled to summary judgment if he demonstrates, by reference to materials described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991). When the basis for a motion for summary judgment challenges the actual sufficiency of a claim, the nonmoving party must present competent evidence in the form of specific facts in order to defeat summary judgment. Baldwin v. Mortimer, 403 Mass. 142, 143-144 (1988). The plaintiff may not rely upon the mere allegations contained within the pleadings.
I.Ownership and Control of Route 140
The Town argues that in order to defeat summary judgment, the Estate must set forth evidence which proves that the Town was responsible for lighting Route 140 in the vicinity where Waleniy was struck and killed. The Town further argues that since it does not own the road, it is entitled to summary judgment as a matter of law. According to G.L.c. 81, §20A “[t]he [Massachusetts State Highway Department] may illuminate, or cause to be illuminated, by means of highway lighting . . . other locations in the state highways wherever, in its opinion, such illumination is necessary for the safety of the traveling public.” The Town contends that since the state had ownership and control of the road, it was up to it to illuminate it, not the Town.
However, there is nothing in state law that prevents the Town from accepting responsibility of illuminating streets within its borders, even if those streets are state highways. Although the Town may not have been originally responsible for illuminating Route 140, that responsibility could have been assumed by the creation of its own policy to that effect. The plaintiff, in rebutting this motion for summary judgment has presented to the Court a letter from Boynton, the Administrative Assistant for the Town, making a reference to the Town’s policy of illuminating all intersections with streetlights. The Town disputes that it ever had such a policy in effect.
Accordingly, since there is a dispute of material fact as to whether or not the Town had a policy of illuminating all intersections with streetlights, summary judgment cannot be granted.
II.Discretionary Function Rule
The Town also argues that even if it owned the road in question, it would still be entitled to summary judgment because the Massachusetts Torts Claims Act exempts municipalities from liability based upon discretionary acts. The Massachusetts Tort Claims Acts exempts municipalities from “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.” G.L.c. 258, §10(b). The discretionary function exception provides that acts performed by municipal officials which involve a high degree of discretion are entitled to broad judicial protection. Whitney v. Worcester, 373 Mass. 208, 216-220 (1977).
However, in the case at bar, there is a genuine issue of material fact as to whether or not the Town had a policy requiring that all intersections in the Town be illuminated with streetlights. Therefore, if this policy did in fact exist, all discretion would be eliminated and the discretionary function rule would not apply.
Accordingly, summary judgment cannot be granted.
III.Public Duty Rule
Finally, the Town argues that it is entitled to summary judgment based on the Public Duty Rule. The Public Duty Rule provides that a municipality is exempt from liability for “any claim based on an act to prevent or diminish the harmful consequences of a condition or situation . . . which is not originally caused by the public employer or any other person acting on behalf of the public employer” G.L.c. 258, §10(j); See Brum v. Dartmouth; King v. Commonwealth, *61 428 Mass. 694, 691 (1999). The Town argues that since it was not the original cause of the plaintiffs ultimate death, darkness was the cause, it should be exempt from liability.
However, the public duty exemption does no apply to “any claim based on negligent maintenance of public property." G.L.c. 258, §10(j)(3). Accordingly, since there is a genuine issue of material fact as to whether or not the Town’s failure of illuminating the intersection was negligent maintenance, summary judgment must be denied.
ORDER
For the aforementioned reasons, the defendant’s motion for summary judgment is hereby DENIED.