NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-639

STEPHEN J. SHEA

vs.

CITY OF LYNN & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Stephen J. Shea, appeals from a judgment entered in favor of the defendants -- the city of Lynn; the inspectional services department of Lynn; and the building inspector of Lynn, Roger Ennis -- on their motion for summary judgment.  We affirm.

Background.  In December 2013, Ennis responded to a call from the city's fire chief regarding dangerous conditions at 27 West Baltimore Street (property), a residential property owned by Shea.  Ennis observed numerous building code violations creating safety risks to tenants.  Ennis obtained Shea's phone

_____

[1] Inspectional services department of Lynn and the building inspector of Lynn.

number from a tenant and called Shea. Shea declined to come to the property to address the conditions.

Shea was slow to remedy the violations; for example, he delayed for almost two years in getting necessary permits. Meanwhile, Ennis issued violation notices about every week after inspecting the property or checking that Shea had failed to obtain the permits required to do the work to remedy the violations.[2] The last violation notice issued on November 17, 2015. These notices were posted at the property and mailed to Shea's address of record. Ennis also spoke with Shea numerous times about the violations. On two occasions in January and March 2014, Shea asked Ennis what he needed to do to stop the violation notices. Shea claims that, in response, Ennis said that Shea "should do the right thing and [they] could make this go away." Shea interpreted this statement to mean that Ennis was seeking a bribe.

Pursuant to G. L. c. 40U, § 12, fines and penalties from Shea's violation notices were added to his property tax obligation. On December 20, 2016, the city filed a notice of tax lien taking against the property for the unpaid obligation, as permitted by statute. See G. L. c. 40U, § 12, citing G. L.

---

[2] The Massachusetts building code authorizes daily tickets, issued as violation notices, for each continuing code violation. See G. L. c. 143, § 94. See also G. L. c. 143, § 3 (inspectional services department enforces building code).

c. 40, § 42B.  On August 20, 2018, the city filed a complaint to foreclose on the property in the Land Court.  Instead of objecting to the foreclosure by appearing at the Land Court, Shea paid the city to release the tax lien.

On July 15, 2019, Shea filed a complaint in the Superior Court asserting claims against the defendants for violations of 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, G. L. c. 12, § 11I (MCRA).  Shea's claims were based on the violation notices issued against the property in 2014 and 2015, the tax lien taking commenced by the city in 2016, and the subsequent foreclosure action in 2018.  On March 27, 2020, a judge allowed the defendants' motion to dismiss, concluding that Shea's claims were time-barred.  Shea appealed, and a panel of this court vacated the judgment of dismissal and remanded the matter for further proceedings.[3]  See Shea v. Lynn, 99 Mass. App. Ct. 1117 (2021).  Following the conclusion of discovery, a judge allowed the defendants' motion for summary judgment, and entered judgment accordingly.  This appeal followed.

Discussion.  "We review a grant of summary judgment de novo."  Blake v. Hometown Am. Communities, Inc., 486 Mass. 268,

---

[3] The panel held that dismissal was not appropriate because the dates of the violation notices were unclear from the complaint, and claims based on the tax lien taking were within the statute of limitations.  See Shea v. Lynn, 99 Mass. App. Ct. 1117 (2021).

272 (2020), quoting DeWolfe v. Hingham Centre, Ltd., 464 Mass. 795, 799 (2013). "The moving parties, here the defendants, have the burden of establishing that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law." DeWolfe, supra. See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). "Once the defendants [meet] their burden in moving for summary judgment, the burden shift[s] to the plaintiff to show with admissible evidence the existence of a dispute as to material facts" (quotation and citation omitted). Baldwin v. Mortimer, 403 Mass. 142, 144 (1988).

1. Time-barred claims. Shea asserts that his claims based on the violation notices and alleged bribery by Ennis are timely. We disagree. Three-year statutes of limitations apply both to the § 1983 claims, see Pagliuca v. Boston, 35 Mass. App. Ct. 820, 822 (1994), and to the MCRA claims. See G. L. c. 260, § 5B. See also Pagliuca, supra. The statute of limitations accrues for each violation notice, the last of which issued on November 17, 2015. See id.; Day v. Kerkorian, 72 Mass. App. Ct. 1, 6 (2008). Similarly, the statute of limitations for the alleged bribery began to accrue in January and March 2014. The limitations period thus expired for the violation notices on November 17, 2018, and for the alleged bribery in January and

4

March 2017 -- well before Shea filed the complaint in July 2019. Claims based on these events are untimely.[4]

2. <u>Selective enforcement under § 1983</u>. Shea contends that the city can be held liable under § 1983 for selective enforcement of the tax lien taking because the city's actions were part of a municipal policy. See <u>Monell</u> v. <u>Department of Social Servs of the city of N.Y.</u>, 436 U.S. 658, 694 (1978). On this record, Shea cannot show selective enforcement, regardless of whether the tax lien was taken pursuant to municipal policy. See <u>Kourouvacilis</u> v. <u>General Motors Corp</u>., 410 Mass. 706, 716 (1991) (defendants entitled to summary judgment where plaintiff "has no reasonable expectation of proving an essential element" of his case). Liability for selective enforcement "depend[s] on proof that (1) the person, compared with others similarly situated, was selectively treated; and (2) . . . such selective treatment was based on impermissible considerations." <u>Cote-Whitacre</u> v. <u>Department of Pub. Health</u>, 446 Mass. 350, 376 (2006), quoting <u>Rubinovitz</u> v. <u>Rogato</u>, 60 F.3d 906, 909-910 (1st Cir. 1995) (Spina, J., concurring). Here, Shea has not offered

---

[4] Shea also argues that his claims are not time-barred because they were part of a continuing violation of his rights by the defendants that included the tax lien taking. A panel of this court has already determined that the continuing violation doctrine does not apply to the violation notices, as the notices, if wrongful, "were a series of discrete, individual wrongs, each giving rise to its own claim." <u>Shea</u> v. <u>Lynn</u>, 99 Mass. App. Ct. 1117. We decline to revisit that determination.

any proof of how the city treated others, nor has he shown impermissible considerations in imposing the tax lien. He merely alleged in an affidavit that the "[c]ity of Lynn has done nothing to pursue delinquent taxpayers with much larger outstanding balances that are delinquent for a much longer time than [he] was alleged to have been." More is required. See Baldwin, 403 Mass. at 144 ("Specific facts, and not mere allegations, are required").[5]

3. Municipal liability under the MCRA for the tax lien taking. Shea next contends that his claims against the defendants for the tax lien taking can proceed under the MCRA. According to settled law, municipalities and their departments, such as the city and its inspectional services department, are not "persons" liable under the MCRA. See Howcroft v. Peabody, 51 Mass. App. Ct. 573, 591-593 (2001), citing Batchelder v. Allied Stores Corp., 393 Mass. 819, 821 (1985). In addition, public officials must be sued in their individual capacities to be liable under the MCRA. See Howcroft, supra at 593. To the

_____

[5] Because Shea is unable to show the selective enforcement that he claims constituted a municipal policy, we need not reach the issue of whether the city acted pursuant to municipal policy or statutory law.

extent that Shea asks us to overrule our precedent, we decline to do so.

Judgment affirmed.

By the Court (Blake, C.J., Ditkoff & Brennan, JJ.[6]),

_Paul Little_

Clerk

Entered:  July 2, 2025.

---

[6] The panelists are listed in order of seniority.

7