MARY V. PAGLIUCA *vs.* CITY OF BOSTON & others.

No. 92-P-1790.

Suffolk. November 23, 1993. - January 24, 1994.

Present: ARMSTRONG. DREBEN. & IRELAND. JJ.

*Limitations, Statute of. Civil Rights,* Termination of employment. *Emotional Distress. Negligence,* Emotional distress. *Anti-Discrimination Law,* Termination of employment. *Contract,* Employment.

A claim under 42 U.S.C. § 1983 (1988), the Federal Civil Rights Act, arising out of the plaintiff's allegedly unlawful discharge, was barred by G. L. c. 260, § 2A, the three-year general tort statute of limitations, where the latest wrongful act alleged on the part of any of the defendants occurred on February 16, 1988, and the plaintiff's claim was not filed until February 21, 1991. [822]

Where the plaintiff employee in an action arising out of an allegedly unlawful discharge raised a claim of violation of civil rights under G. L. c. 12, §§ 11H and 11I, resulting in a loss of reputation and in severe emotional distress, the applicable three-year limitations period provided by G. L. c. 260, § 5B, commenced on the date of the allegedly wrongful acts; moreover, even though the plaintiff did not discover the severity of harm she suffered from the defendants' actions until after February 22, 1988, she knew all the facts necessary to make out her civil rights claim on February 16, 1988, and the limitations period for the State civil rights claim had expired before she filed suit on February 21, 1991. [822-823]

An employee's claims against various government officials for breach of contract, tortious interference, intentional infliction of emotional distress, and civil conspiracy, arising from her allegedly unlawful discharge, accrued at the time the defendants removed her from her supervisory position and told her to work in a supply room, and were barred by the running of the three-year limitations period for actions based on personal injuries, G. L. c. 260, § 2A. [823-826]

CIVIL ACTION commenced in the Superior Court Department on February 21, 1991.

The case was heard by *Hiller B. Zobel,* J., on a motion for summary judgment.

*Kevin M. Carroll* for the plaintiff.

*Stephen C. Pfaff* for the defendants.

ARMSTRONG, J. The plaintiff, Mary V. Pagliuca, a supervisor of custodians at the Suffolk County Courthouse, appeals from a judgment dismissing her complaint on statute of limitations grounds. For purposes of appeal, the facts may be taken to be as follows.

Pagliuca was involved in an altercation with her supervisor on January 22, 1988, following which she suffered an anxiety attack, and was advised by her doctor to stay home from work for a few days. On her return, January 28, 1988, she was removed from her supervisory position, and told to work in a supply room, pending an investigation of the January 22 incident. Various allegedly degrading actions by her supervisors followed, the last occurring on February 16, 1988, when, according to Pagliuca's allegations, her key to the supply room was taken away, so that each time she left the room she needed to ask to be let back in. On February 22, 1988, she suffered another anxiety attack, and has not worked since. She receives workers' compensation as a result of this emotional disability.

On February 21, 1991, Pagliuca sued the city of Boston, Suffolk County, the Suffolk County Courthouse Commission, and two of her supervisors, alleging that she had been constructively demoted or discharged, without a hearing and without just cause, in violation of her employment agreement (count V), and in violation of rights protected by the Federal and Massachusetts Civil Rights Acts, respectively codified at 42 U.S.C. § 1983 (1988), and G. L. c. 12, §§ 11H & I (counts I and II, respectively). She also claimed that her supervisors' actions constituted the torts of intentional interference with her employment relationship (count III), intentional infliction of emotional distress (count IV), and conspiracy to interfere unlawfully with her employment and other rights (count VI). A judge of the Superior Court granted summary judgment for the defendants, ruling that Pagliuca's claims were time-barred. She appealed.

For various reasons, the usual three-year period of limitations for personal injury actions applies to each of Pagliuca's

claims. Since the relevant acts and omissions by the defendants and injuries to Pagliuca occurred between January 22, 1988, and February 22, 1988, and since Pagliuca filed suit on February 21, 1991, the critical issue for each claim is whether it accrued *before* February 22, 1988, the date of the second anxiety attack, or *on* that date. The judge was correct in ruling that each of the claims accrued before February 22, and that each was therefore time-barred.

*Federal civil rights claim.* 42 U.S.C. § 1983 borrows, for its limitations period, the limitations period for general personal torts in the State where the action is filed. *Wilson* v. *Garcia*, 471 U.S. 261, 278 (1985). *Owens* v. *Okure*, 488 U.S. 235, 236 (1989). Although principles for tolling the limitations period are also borrowed from State law, see *Board of Regents* v. *Tomanio*, 446 U.S. 478, 483-486 (1980), the date when the § 1983 action accrues is determined as a matter of Federal law. See, e.g., *Rodriguez Narvaez* v. *Nazario*, 895 F.2d 38, 41 n.5 (1st Cir. 1990), and cases cited. A claim under § 1983 arising out of an allegedly unlawful discharge accrues on the date of the allegedly wrongful acts, rather than on the date when the effects of those acts are felt. *Chardon* v. *Fernandez*, 454 U.S. 6, 8 (1981). Compare *Altair Corp.* v. *Pesquera de Busquets*, 769 F.2d 30, 32 (1st Cir. 1985) (where defendant by a single act creates a condition causing ongoing harm, limitations period runs from the date of that act).

In this case, Pagliuca alleges that she was removed from her supervisory position on January 28, 1988. The latest wrongful act alleged on the part of any of the defendants occurred on February 16, 1988, when Pagliuca's key to the supply room was taken away. The limitations period thus began running on February 16, 1988. Since the general tort statute of limitations in Massachusetts is three years, G. L. c. 260, § 2A, Pagliuca's § 1983 claim, filed on February 21, 1991, was too late.

*State civil rights claim.* The applicable statute of limitations is the three-year period provided by G. L. c. 260, § 5B, as added by St. 1986, c. 94, § 2. Where, as here, the plain-

tiff alleges a violation of civil rights resulting in a loss of reputation and in severe emotional distress, the limitations period has been held to commence on the date of the allegedly wrongful acts, unless the wrong is "inherently unknowable." *Flynn* v. *Associated Press*, 401 Mass. 776, 781-782 (1988). See also *Sereni* v. *Star Sportswear Mfg. Corp.*, 24 Mass. App. Ct. 428, 430 (1987) (discriminatory acts are not "inherently unknowable" so as to toll six-month limitations period for actions under G. L. c. 151B). Although Pagliuca may not have known the severity of harm she suffered from the defendants' actions until after her breakdown on February 22, 1988, she knew of all the facts necessary to make out her civil rights claim on February 16, 1988, at the latest. Compare *Gore* v. *Daniel O'Connell's Sons, Inc.*, 17 Mass. App. Ct. 645, 649 (1984). The limitations period for the State civil rights claim thus began running on or before February 16, 1988, and had expired before Pagliuca filed suit on February 21, 1991.

*State common law claims.* The claims for breach of contract, tortious interference, intentional infliction of emotional distress, and civil conspiracy are all subject to the three-year limitations period for actions based on personal injuries. G. L. c. 260, § 2A. Claims for breach of contract are ordinarily subject to a more generous six-year limitations period, G. L. c. 260, § 2; however, when the gravamen of the complaint is that the defendant has caused the plaintiff a personal injury, the shorter three-year period applies. See *Royal-Globe Ins. Co.* v. *Craven*, 411 Mass. 629, 637-638 (1992) (§ 2A seeks to insure that defendants responsible for personal injuries are not subject to suit for a longer period of time merely because the plaintiff frames her complaint as one for breach of contract). See also *Hendrickson* v. *Sears*, 365 Mass. 83, 85 (1974) ("limitations statutes should apply equally to similar facts regardless of the form of proceeding").

Here, Pagliuca alleges that she suffered the following harm as a result of the breach of contract: "loss of income, loss of personal and professional reputation, career opportu-

nities, mental and emotional distress, pain and suffering, and other damages and losses." A fair reading of the complaint suggests that all of these losses resulted from the emotional distress and loss of reputation allegedly inflicted on Pagliuca by the various defendants. These are personal injuries within the meaning of G. L. c. 260, § 2A, and the three-year tort limitations period applies.

In general, a tort cause of action accrues either when the plaintiff is injured as a result of the defendant's unlawful act or omission, see *Joseph A. Fortin Constr., Inc.* v. *Massachusetts Hous. Fin. Agency*, 392 Mass. 440, 442 (1984), or, if the wrong is "inherently unknowable," when the plaintiff knows or should know that she has been injured, see *Riley* v. *Presnell*, 409 Mass. 239, 245-248 (1991). [1] The knowledge required "is not notice of every fact which must eventually be proved in support of the claim," but rather "knowledge that an injury has occurred." *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 130 (1982). See also *Felton* v. *Labor Relations Commn.*, 33 Mass. App. Ct. 926, 927-928 (1992) (plaintiff may be put on inquiry notice when informed of facts which suggest he has been injured).

In this case, Pagliuca suffered an anxiety attack on January 22, 1988, and so must have realized by that time that the defendants' course of conduct was causing her injury. After that time, the defendants committed further acts which (allegedly) further traumatized Pagliuca, with the last of those affirmative acts taking place on February 16, 1988. As of that last date, Pagliuca was on notice of the relevant facts for each of her common law claims; what she learned on February 22 went only to the severity of her injury. "When an injury or disease resulting from injury becomes manifest, the statute of limitations does not stay in suspense until the full extent, gravity, or permanence of that same injury or

---

[1]Without suggesting that severe emotional distress can ever be an "inherently unknowable" injury, we hold below that the discovery rule fails to win the day for the plaintiff in any event.

consequential disease is known." *Gore* v. *Daniel O'Connell's Sons, Inc.*, 17 Mass. App. Ct. at 649. [2]

Pagliuca argues that, up until February 22, 1988, when she last worked, the defendants failed to move her out of the supply room, and that this omission further aggravated her emotional distress. But the defendants' failure to move Pagliuca out of the supply room was not an independent wrong — it was tortious, if at all, only because of their earlier action in placing her there. Her right to sue was mature at the time the defendants effected the transfer, with the result that her cause of action accrued then. Compare *Pidge* v. *Superintendent, Massachusetts Correctional Institution, Cedar Junction*, 32 Mass. App. Ct. 14, 17-19 (1992), where the prisoner alleged a lack of due process in his assignment to a segregated unit. Even though he sued while still confined in the segregated unit, we held that his cause of action had accrued at the time of the allegedly wrongful assignment, and was barred by the relevant statute of limitations. [3]

---

[2] Compare *Mansfield* v. *GAF Corp.*, 5 Mass. App. Ct. 551, 553-555 (1977) (cause of action based on defect in roof construction accrued when blistering and cracking made defect apparent, not when roof eventually failed); *Lijoi* v. *Massachusetts Bay Transp. Authy.*, 28 Mass. App. Ct. 926, 928 (1990) (loss of consortium claim accrued when plaintiff recognized a substantial degeneration of relationships and its probable tie to the defendant's action).

Contrast *Joseph A. Fortin Constr., Inc.* v. *Massachusetts Hous. Fin. Agency*, 392 Mass. 440, 442-443 (1984) (no injury resulted from defendant's failure to secure debt owed plaintiff until third-party debtor became insolvent); *Riley* v. *Presnell*, 409 Mass. 239, 245-246 (1991) (although plaintiff knew of his injury, claim would not accrue until a reasonable person would have been aware of its causal connection to the defendant's actions); *International Mobiles Corp.* v. *Corroon & Black/Fairfield & Ellis, Inc.*, 29 Mass. App. Ct. 215, 216 (1990) (in action against insurance agent for failure to place coverage, limitations period did not commence until plaintiff suffered injury by reason of settling a claim that the insurance was meant to cover).

[3] Contrast *Asiala* v. *Fitchburg*, 24 Mass. App. Ct. 13, 19 (1987), where an action based on a private nuisance was held to be timely so long as some damages from the continuing nuisance occurred during the statutory period.

Since all of Pagliuca's State common law claims accrued prior to February 22, 1988, they too are time-barred.

*Judgment affirmed.*