In re Albert F. CURRAN, Sr. and Edward G. LeRoux, Jr., Debtors.

Richard C. BANE, as General Partner of Tamrock Properties I Limited Partnership, et al., Plaintiffs,

v.

Edward G. LeRoux, Jr., et al., Defendants.

Bankruptcy Nos. 92–21116–WCH, 92–20403–WCH. Adv. Nos. 93–1093, 93–1094.

United States Bankruptcy Court, D. Massachusetts.

May 25, 1995.

Kenneth A. Sweder, James M. Liston, Howard M. Brown, Kaye, Fialkow, Richmond & Rothstein, Boston, MA, for plaintiffs.

Paul D. Moore, Andrew C. Griesinger, Theodore A. Lund, Choate, Hall & Stewart, Boston, MA, for defendants.

## DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

WILLIAM C. HILLMAN, Bankruptcy Judge.

Four limited partners of Belle Isle Limited Partnership ("BI") ("Plaintiffs") commenced these adversary proceedings on their own behalf as well as derivatively on behalf of BI,[1] against BI's three general partners, Edward G. LeRoux, Jr. ("LeRoux"), Albert F. Curran, Sr. ("Curran"), and Summit Investment and Development Corporation ("Summit") (collectively "Defendants"). The complaint seeks a determination of the amount and non-dischargeability of certain debts.

In particular, the complaint seeks relief for

Count I: Breach of fiduciary duty

Count II: Constructive trust

Count III: Breach of contract

Count IV: Breach of implied contract; unjust enrichment

Count V: Negligence

Count VI: Fraud

Count VII: Securities fraud (M.G.L. c. 110A)

Count VIII: Promissory estoppel

Count IX: Waste of partnership assets

Count X: Deceptive practices (M.G.L. c. 93A)

Count XI: Dischargeability (11 U.S.C. § 523(a)(2)(a))

Count XII: Dischargeability (11 U.S.C. § 523(a)(4))

Count XIII: Dischargeability (11 U.S.C. § 523(a)(6))

LeRoux and Curran, as noted in the caption, are debtors in Chapter 11 cases currently pending in this Court.[2] Summit is not a debtor.[3]

On February 24, 1993 I ordered the two adversary proceedings consolidated. The matter is now before me on cross motions for summary judgment.

 Fed.R.Civ.P. 56, made applicable to adversary proceedings by Fed.R.Bankr.P. 7056, governs motions for summary judgment. It provides that

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The burden of proof to demonstrate entitlement to summary judgment is upon the moving party in the first instance. *In re Wang Laboratories, Inc.,* 155 B.R. 289, 290 (Bankr. D.Mass.1993). To defeat the motion, the opposing party must produce substantial evidence of a genuine dispute as to a material fact. *Darr v. Muratore,* 8 F.3d 854, 859 (1st Cir.1993); *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). A material fact is one which has the "potential to affect the outcome of the suit under applicable law." *Federal Deposit Insurance Corp. v. Anchor Properties,* 13 F.3d 27, 30 (1st Cir.1994) (quoting *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir. 1993)).

In making its determination, the court "must view the record in the light most favorable to the party opposing the motion, and must indulge all inferences favorable to that party." *Oliver v. Digital Equipment Corp.,* 846 F.2d 103, 105 (1st Cir.1988).

### *Defendants' Motion*

LeRoux and Curran base their motion upon two theories: First, that this adversary proceeding was not commenced within the prescribed period of the applicable statute of

---

1. I have upheld the case as a derivative action. *Bane v. LeRoux (In re* Curran), 157 B.R. 500, 506 (Bankr.D.Mass.1993) (*"Curran I "*).

2. The effect of bankruptcy filings on the status of Curran and LeRoux as general partners is discussed in *Summit Inv. & Dev. Corp. v. LeRoux (In re LeRoux),* 167 B.R. 318 (Bankr.D.Mass.1994),

*aff'd* B.A. No. 11251–DPW, 1995 WL 361500 (D.Mass. Oct. 21, 1994).

3. I have previously held that I have jurisdiction over Summit in this proceeding. *Curran I* at 504. That jurisdiction, of course, only extends to a determination of the amount due from it.

limitations.[4] Second, that plaintiffs cannot prove essential elements of their claim.

## A. *Statute of Limitations*

■ Plaintiffs' complaint arises from allegedly false representations made by Curran and LeRoux in a Confidential Offering Memorandum dated June 9, 1986, and a Supplement to Confidential Offering Memorandum dated December 1, 1986. *Amended Comp.* ¶ 20. Plaintiffs allege that they purchased their limited partnership interests "in reasonable reliance on the specific representations made in the Supplement", *Id.* ¶ 24, which representations, it is alleged, "were false". *Id.* ¶ 25.

Plaintiffs became investors on August 1, 1986. *LeRoux Aff.*, Ex. C. Plaintiffs appear to concede that the operative event for limitations purposes was the purchase. However, they allege that they "did not know, and should not reasonably have known" of the falsity of certain representations "until December 14, 1989 at the earliest", *Amended Comp.* ¶¶ 34, 43, 48, and of others until "early 1993", *Id.* ¶ 43, or "late 1992 or early 1993", *Id.* ¶ 54, 56,[5] and hence the statute should not run until the date of discovery. Curran and LeRoux contend that the commencement of the running of the statute was much earlier.

A discussion of the evidence of record applicable to the factual determination will follow.

It is necessary in the first instance to determine when the state statute of limitations ran as to each count, for the estate has the benefit of that statute as against the plaintiffs. 11 U.S.C. § 558. The only state involved in this case is Massachusetts.

Massachusetts has two statutes of limitations with broad application. M.G.L. c. 260 § 2 requires that

"Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied . . . shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues."

Section 2A of the same chapter provides that

"Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."

The present adversary proceeding was filed February 10, 1993. As noted, August 1, 1986 was the date at which the plaintiffs became investors. If that date is determinative, and the three year tort statute applies, the limitation period would have expired on August 1, 1989. If the six year contract statute is the law to be applied, the period expired on August 1, 1992, a half year prior to the filing of this adversary proceeding.

Thus, whichever statute is applicable, plaintiff's claims which are subject to the limitations of the quoted statutes are barred unless the commencement of the limitations period is extended.

Massachusetts cases recognize a limited discovery rule to create a later starting date for the limitations computation. The cases are well summarized, as to both tort and contract claims, in *International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc.,* 29 Mass.App.Ct. 215, 560 N.E.2d 122 (1990). As to negligence claims, the rule is as follows:

"In the general run of cases, negligence actions accrue when the accident happens and a person is injured. . . . When negligence and harm are inherently unknowable, as in the case of an undiagnosed and asymptomatic disease, the running of the three-year limitations period begins 'on the happening of an event likely to put the plaintiff on notice.' . . . Notice here refers not to discovery of every fact necessary to prevail on the claim, but rather to discovery of the plaintiff's injury as causally connected to the defendant's negligence. . . . The plaintiff receives notice, and the statu-

---

**4.** I have previously held only that the amended complaint "alleges dates within the limitations period as to each count." *Curran I* at 506.

**5.** There are no allegations which would make applicable the extended "fraudulent concealment" statute of limitations of M.G.L. c. 260 § 12.

tory period begins to run, when the plaintiff knows or reasonably should have known that it sustained appreciable harm as a result of the defendant's negligence." 29 Mass.App.Ct. at 222, 560 N.E.2d at 126. (Citations omitted).

In contract actions, the rule is similar:

"There are, however, situations in which a cause of action for breach of contract is not capable of being discovered because it is based on an 'inherently unknowable' wrong. In those case, the 'discovery rule' tolls the accrual date of the statutory period until the injured party knows or should know the facts giving rise to the cause of action. The discovery rules has been applied in breach of contract claims in those cases involving the rendering of professional services where a client would not be expected to retrace the professional's steps nor be able necessarily to recognize the professional negligence should the client come across it. ... The inherently unknowable wrong must be incapable of detection by the wronged party through the exercise of reasonable diligence." *Id.*

### 1. *Counts I, III and V*

■ These counts deal with alleged violations by the defendants of their duties as general partners owed to the plaintiffs. While Count V is worded in terms of negligence, it is the negligent performance of the general partners' duties which is challenged. A partnership agreement in Massachusetts forms an association by voluntary contract. *Curran I* at 509. I must look at "the essential nature of the plaintiff's claim in determining what statute of limitations to apply. *Palandjian v. Pahlavi*, 614 F.Supp. 1569, 1577 (D.Mass.1985), *aff'd* 808 F.2d 1513 (1st Cir.1986) (TABLE), *cert. denied* 481 U.S. 1037, 107 S.Ct. 1974, 95 L.Ed.2d 814 (1987), citing *Hendrickson v. Sears*, 365 Mass. 83, 85, 310 N.E.2d 131 (1974). While I find support for the proposition that the alleged violations are contractual in nature and the six year statute applicable, *see Fedder v. McClennen*, 1994 WL 568734, *2 (D.Mass. 1994), *Kirley v. Kirley*, 25 Mass.App.Ct. 651, 653, 521 N.E.2d 1041 (1988), it is possible that the Massachusetts courts would regard

the claim as sounding in tort. *See Pagliuca v. City of Boston*, 35 Mass.App.Ct. 820, 626 N.E.2d 625 (1994) and cases cited.

■ The answer to that problem is academic. Whether Counts I, III and V are regarded as sounding in negligence or contract, the limitations period will begin to run later than the happening of the initial event only if a two part test is satisfied. First, the negligence or breach and the harm must be "inherently unknowable." Second, the period commences when the plaintiff "knows or reasonably should have known" of the negligence or breach.

To meet the first element of the test, Plaintiffs must show that the inherently unknowable wrong was incapable of detection through the exercise of reasonable diligence. *International Mobiles, supra.*

After reviewing the pleadings and the affidavits attached thereto, I find as a matter of law that, on the facts of this case, Plaintiffs cannot meet this burden. There is ample evidence that the Plaintiffs were capable of detecting the wrong through the exercise of reasonable diligence.

The Third Amended and Restated Agreement of Limited Partnership provided in Article IV, Section 4.7(iv) that

"Each Limited Partner, or his authorized agent, shall have the right to examine all of the books and financial records of the Partnership at the principal office of the Partnership upon reasonable advance notice and only during the normal business hours of the Partnership."

Plaintiffs knew of this provision. During his deposition, Arthur J. Triglione responded affirmatively to the question, "You knew that under the partnership agreement, you could look at any books and records of the partnership on reasonable notice?". He also responded affirmatively to the questions regarding whether he was entitled to review any documents or ask any questions he wanted. *Deposition of Arthur J. Triglione, September 23, 1994,* page 48.

In his deposition, William J. McMillan testified that he knew that the partnership agreement gave him the authority to exam-

ine the books and records at reasonable times. He further testified that he never availed himself of this right. *Deposition of William J. McMillan, October 18, 1994,* page 67.

I do not have such explicit testimony with regard to Richard C. Bane. In one excerpt, however, Mr. Bane does indicate that he is familiar with the terms of the Partnership Agreement. *Deposition of Richard C. Bane, October 13, 1994,* page 138.

In addition to the provisions of the Partnership Agreement, the Plaintiffs had the right to inspect the records of BI pursuant to Mass.Gen.L. Ch. 109 § 21.[6]

Lastly, there is ample testimony that several meetings were held by the general partners which the Plaintiffs attended and at which they were afforded the opportunity to ask any questions that they might have about the partnership.

Even affording the Plaintiffs the benefit of all favorable inferences, I find as a matter of law that Plaintiffs are not entitled to the benefit of the discovery rule and these counts are barred by the applicable statute of limitations.

#### 2. *Count II*

This count alleges breach of fiduciary duty and seeks to impose a constructive trust as a remedy, operative upon certain assets which the defendants acquired "for themselves in breach of their fiduciary duty." *Amended Comp.* ¶ 64. This claim is subject to the six year limitation period. *See Brodeur v. American Rexoil Heating Fuel Co., Inc.,* 13 Mass.App.Ct. 939, 940, 430 N.E.2d 1243, 1245 (1982) and cases cited.

The complaint contains no facts, no matter how favorably construed in favor of Plaintiffs, from which I could even infer that certain assets were improperly acquired by Defendants, or when those assets were trans-

ferred. The allegations arise from the assertion that

> "The failure of the General Partners to sell additional Units was motivated by self-interest in breach of their fiduciary duty, since under the Partnership Agreement, any unsold Units would inure to the benefit of the General Partners in obtaining shares of profits and distributions."

*Amended Comp.* ¶ 42.

I cannot find any basis in that assertion to support the view that Plaintiffs' rights, if any they have under their averment, were such that Plaintiffs should have the benefit of the discovery rule, for the reasons stated with regard to the previously discussed counts. Defendants' lapses could have been discovered through the use of ordinary diligence.

#### 3. *Count IV*

Count IV seeks relief for breach of an implied contract and for unjust enrichment. In such actions, the statute of limitations applicable to actions at law apply. *Desmond v. Moffie,* 375 F.2d 742, 743 (1st Cir.1967); *Palandjian v. Pahlavi, supra.* There is no basis for differentiating this count from the others previously discussed.

#### 4. *Count VI*

Count VI is a tort count for fraud, based upon representations made at the time Plaintiffs invested their funds. It is barred by the statute of limitations for the reasons stated above.

#### 5. *Count VII*

Count VII alleges securities fraud in violation of M.G.L. c. 110A. Actions under that chapter must be commenced not more than "four years after the discovery by the person bringing the action of a violation." M.G.L. c. 110A § 410(e).

There is no case law to help me determine whether the Supreme Judicial Court would

---

6. Mass.Gen.L. ch. 109 § 20 states:
 Each limited partner has the right to:
 (1) inspect and copy any of the partnership records required to be maintained by section five ["Records"], and
 (2) obtain from the general partners from time to time upon reasonable demand (I) true and full

information regarding the state of the business and financial condition of the limited partnership, (ii) promptly after becoming available, a copy of the limited partnership's federal, state and local income tax returns for each year, and (iii) other information regarding the affairs of the limited partnership as is just and reasonable.

rule that "discovery" under § 410(e) is the same concept as the exacting common law rule considered earlier in this opinion.[7] I have considered without enlightenment cases decided under a variety of statutes, and no point would be served in setting forth the results of that exercise here. Suffice it to say that I can find no reason to espouse a difference in approach. I hold that the Supreme Judicial Court would use its common law approach to the meaning of "discovery" in interpreting c. 110A.

Having arrived at that point, I find that the evidence reviewed above compels the conclusion that Plaintiffs knew of the alleged violations of the securities laws prior to four years before February 10, 1993.

### 6. Count VIII

Count VIII purports to invoke promissory estoppel and seems to ask that the promises made be enforced. *Amended Comp.* ¶ 95. However, a fair reading of the entire count indicates that it is a restatement of the breach of contract claims made earlier in the complaint and discussed earlier in this opinion. It is barred by the statute of limitations.

### 7. Count IX

Count IX is entitled "waste of partnership assets" and seeks both damages for waste and an accounting. The latter is not an appropriate matter for litigation in this adversary proceeding. The former, however, could relate to activities at any time during the life of the partnership. But the same activities which are the basis of the other counts are relied upon here, and I find that the alleged waste constitutes a breach of the limited partnership agreement and is time barred as well.

### 8. Count X

Count X alleges a violation of M.G.L. c. 93A, §§ 2 and 11 through "misrepresentations in connection with the offer and sale of

the [partnership] Units." This misrepresentation would have occurred at the time of the sale, August 1, 1986. Since the applicable statute of limitations is four years, M.G.L. c. 260 § 5A, the action is time barred. It is true that the accrual date is determined by tort principles, which would include the discovery rule. *Paterson–Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 994 (1st Cir.1988); *International Mobiles, supra.* Nonetheless, the time has passed for this as of the other tort claims.

### 9. Counts XI, XII and XIII

■ These counts challenge the dischargeability of Plaintiffs' claims under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6). Of course, grounds for non-dischargeability must rest upon a valid cause of action. As I have held that all of Plaintiffs' claims are barred by the applicable statutes of limitations, there is nothing upon which these counts could operate, and summary judgment is an appropriate disposition of them.

### Plaintiffs' Cross–Motion

Since I have held that Defendants' motion for summary judgment is sustained as to each of the counts of the amended complaint, Plaintiff's cross-motion must be denied.

### Conclusion

A separate order will enter granting Defendants' and denying Plaintiff's motions for summary judgment.

### ORDER

For the reasons set forth in the accompanying decision:

1. Defendants' Motion for Summary Judgment is GRANTED.

2. Plaintiffs' Motion for Summary Judgment is DENIED.

---

7. The notes to § 410 in Massachusetts General Laws Annotated state that it is "similar to" § 410 of the Uniform Securities Act (1956), but in this respect reference to the Uniform Act is not helpful. The latter statute has a limitation of "two

years after the contract of sale." The Massachusetts version is a non-uniform amendment and hence cases under the Uniform Act will not be helpful.