Gershengorn, J.
The plaintiff Mark White (“White”) commenced this products liability action alleging personal injuries due to insufficient padding in the front seat and absence of a head rest in his truck manufactured, distributed, and sold by the defendant Nissan Motor Corporation in USA (“Nissan”). White’s complaint in Middlesex Superior Court was filed on February 5, 1997, approximately three years and five days after the automobile accident which he claims made him aware of the defect in his pickup truck. Nissan has filed this instant motion to dismiss, pursuant to Mass.R.Civ.P. 12(b)(6), asserting that White’s action is barred by the applicable statute of limitations. Furthermore, Nissan filed a motion to dismiss Count IV of the complaint, alleging a violation of G.L.c. 93A, for White’s failure to comply with the G.L.c. 93A, §11 procedural requirement of sending a demand letter to the defendant at least thirty days prior to the filing of the suit. For the following reasons, Nissan’s motion to dismiss the entire complaint is DENIED; the motion to dismiss Count IV, however, is ALLOWED.
BACKGROUND
On or about January 31, 1994 while White was driving a 1984 Datsun Pickup truck, manufactured, distributed and sold by Nissan, he was rear-ended by another vehicle.[1] White alleges in the instant complaint that, as a result of insufficient padding in the front seat and the absence of a head rest in his pickup truck, he sustained head, back, and neck injuries or that these injuries were enhanced by the insufficient padding and the absence of the head rest.
White initially attempted to commence this action on January 28, 1997 when, through his attorney Ralph Stein, he sent by Federal Express to the Clerk of Court for Middlesex Superior Court the complaint and the appropriate filing fee. It is undisputed that the mailroom received this delivery on January 29, 1997 at approximately 9:57 in the morning.[2]
On January 31, 1997 the Middlesex Superior Court clerk’s office returned the complaint and filing fee to Attorney Stein because the “Statement of Damages” form was not included as required by Section 5 of Chapter 358 of the 1996 Acts and Resolves of the Commonwealth of Massachusetts. St. 1996, c. 358, §5.
*385 On February 3, 1997 Attorney Stein mailed the complaint, Statement of Damages form, entry fee, and a letter detailing the facts from the preceding paragraph to the Clerk of Court for Middlesex Superior Court. The clerk’s office received the papers on February 5, 1997 and assigned a docket number to the case.
DISCUSSION
I. STATUTE OF LIMITATIONS ARGUMENT
Nissan filed a motion to dismiss, pursuant to Mass.R.Civ.P. 12(b)(6), alleging that the plaintiffs action is barred by the applicable statute of limitations.[3] The crux of the motion to dismiss centers around the date of the “commencement” of this action. Nissan asserts that the commencement date is the equivalent of the filing date, in this case February 5, 1997. Arguing that the three year statute of limitations for the negligence, breach of warranty, and strict liability counts expired on January 31, 1997, five days prior to the filing of the suit, Nissan seeks dismissal for failure to timely file this action. White contends, however, that the action is not time barred as he properly commenced the suit prior to the expiration of the limitations period. White’s position is that, having complied with the requirements of Mass.R.Civ.P. 3, the absence of the Statement of Damages form is of little, if any, significance in the statute of limitations analysis.[4]
In pertinent part, Mass.R.Civ.P. 3, entitled “Commencement of Action,” provides as follows: “A civil action is commenced by (1) mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and an entry fee with such clerk ...” Mass.R.Civ.P. 3. Under Rule 3, “an action is considered commenced, for all purposes, including the applicable statute of limitations, when either the plaintiff mails to the clerk the complaint and any required entry fee, or the clerk receives the complaint and the fee.” Reporters’ Notes to Mass.R.Civ.P. 3 (1973) (emphasis in original). Chapter 358, §5 of the 1996 Acts and Resolves of the Commonwealth of Massachusetts provides, in pertinent part, as follows: “In Norfolk and Middlesex counties, no clerk-magistrate in the superior court or in a district court shall accept for filing any complaint or other pleading which commences a civil action unless it is accompanied by a statement signed by the attorney or pro se party.”[5] (Emphasis in original.)
Although White’s complaint was not filed, in the technical sense, until February 5, 1997, it is clear and undisputed that Attorney Stein originally sent the complaint and the filing fee within the statute of limitations period. Furthermore, each was received by the clerk’s office within the limitations period. That the “Statement of Damages” form was missing does not change this fact. Attorney Stein complied with the requirements of Rule 3 of the Massachusetts Rules of Civil Procedure; to wit, commencing the action by mailing to the clerk of the proper court the complaint and the entry fee.[6] Thus, having concluded that Attorney Stein complied with Mass.R.Civ.P. 3, Nissan’s motion to dismiss on the grounds of expiration of the limitations period is denied.
II. PROCEDURAL REQUIREMENTS OF G.L.c. 93A, §11
In Count IV of the complaint, White also alleges a violation of G.L.c. 93A, 11, the Consumer Protection Act. Nissan filed a motion to dismiss Count IV, arguing that the plaintiff did not comply with the procedurally required submission of a demand letter to the defendant at least thirty days prior to commencing suit.[7] In support of this motion to dismiss, Nissan submitted an affidavit of Virginia King, an authorized representative of Nissan, who asserted that there are Nissan offices as well as Nissan assets within the Commonwealth: (1) three dealer operations managers in Massachusetts maintain offices at their homes which contain computers, telephones, and fax machines owned by Nissan; (2) these dealer operations managers are issued Nissan owned company vehicles which are kept at the managers’ homes in Massachusetts; and (3) Nissan wholly owns Nissan Research and Development, Inc. which has an office, containing Nissan owned office equipment and furniture, in Cambridge, Massachusetts.
Sending a demand letter pursuant to Section 11 of the Consumer Protection Act is a prerequisite to filing suit in Massachusetts. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 287 (1985) (and cases cited). In order to maintain a suit under G.L.c. 93A, §11, the plaintiff must allege and prove that a demand letter specifically listing the deceptive acts was sent to the defendant at least thirty days prior to the filing of the suit. Id. (and cases cited). The plaintiffs complaint does not allege that such a letter was sent to Nissan prior to filing suit, and based upon the facts before this Court, no such letter was ever sent. As the plaintiff has not complied with the procedural requirements of G.L.c. 93A, §11, Count IV of the complaint must be dismissed.[8]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss the complaint on statute of limitations grounds be DENIED. It is further ORDERED that the defendant’s motion to dismiss Count IV of the complaint be ALLOWED.

 The Civil Action Cover Sheet filed with the complaint in the instant action indicates that another related action is pending in Middlesex Superior Court, presumably against the other driver, docketed as White v. Vulich aka Morrissey, MICV 96-6500.

 A person by the name of D. Ashby signed for the delivery.

 Claims for personal injuries must be commenced within three years after the date the cause of action accrues. G.L.c. 260, §2A While claims for breach of contract generally have a six year statute of limitations, when the essence of the complaint is that defendant caused personal injury to the *386 plaintiff, the three year statute of limitations applies. Pagliuca v. City of Boston, 35 Mass.App.Ct. 820, 823 (1994). Similarly, claims for breach of warranty under the Uniform Commercial Code have a three year statute of limitations period. G.L.c. 106, §2-318.

 Attorney Stein argues that the clerk’s office should not have rejected the complaint and filing fee, but instead should have telephoned him to request the Statement of Damages form.

 Although there is no comparable provision in St. 1996, c. 358, §5, Rule 29 of the Rules of the Superior Court, which provides for the inclusion of a Civil Action Cover Sheet in all cases commenced in Superior Court, specifies that when a required Civil Action Cover Sheet is not included with the complaint filed in Superior Court, the Clerk-Magistrate shall transfer the case to any district court in which the case could have been brought under G.L.c. 223, §2. Rules of the Superior Court 29(5)(c). This leads the Court to conclude that the absence of the Civil Action Cover Sheet, or a similar Statement of Damages form, does not defeat compliance with Mass.R.Civ.P. 3.

 Nissan argues that because the original “mailing” was by FedEx, instead of by registered or certified mail as specified in Rule 3, the action was not in fact commenced under the rule until February 5, 1997, the date it was actually filed. The Reporters’ Notes to Rule 3 indicate, however, that ”[t]he requirement of certified or registered mail is calculated to minimize problems of proof.” Nissan does not dispute that the complaint and filing fee were originally received on January 29, 1997. Thus there are no problems of proof in this case.

 In pertinent part, G.L.c. 93A, §11 provides as follows:
“[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent. . . The demand requirements of this paragraph shall not apply if . . . the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth

 Actions under G.L.c. 93A have an applicable statute of limitations of four years. G.L.c. 260, §5A. Nissan argues, however, that the four year statute of limitations period should not be greater than those of the underlying actions upon which it rests, all of which have a three year limitations period. In light of this Court’s dismissal of Count IV of the complaint for failure to comply with the procedural requirement of a demand letter, I need not reach Nissan’s arguments regarding the statute of limitations on the c. 93A claim.