Donohue, J.
The plaintiff, Alfred L. Boutiette, filed a complaint against the defendant, Lance L. Dickinson, for fraud, breach of contract, and conversion. The defendant has now filed a motion to dismiss with this Court pursuant to Mass.R.Civ.P. 41(b)(2). For the reasons statedbelow, the defendant’s motion is hereby ALLOWED.
BACKGROUND
The plaintiff, Alfred L. Boutiette, alleges that the defendant, Lance L. Dickinson, made a misrepresentation to the plaintiff in regard to a proposed joint business investment. In June 1993, the defendant represented to the plaintiff that he had exclusive contractual rights from Chemtrack, a manufacturing company, to distribute portable cholesterol testing kits to the Rexall Showcase International distributor network and other network marketing distributors. The defendant offered the plaintiff the opportunity to invest in a limited partnership to be formed for the *57 purpose of exploring this exclusive contractual right. The defendant proposed to sell four shares of the limited partnership for $37,500 each. The defendant also represented to the plaintiff that the contractual rights were vested and that Chemtrack was ready and able to begin delivery of the product during the summer of 1993.
On August 13, 1993, the plaintiff, in reliance upon the defendant’s alleged misstatements, paid $112,000.00 for the opportunity to invest in a limited partnership to be formed.[2] The defendant thereafter failed to produce the promised portable cholesterol testing kits. The plaintiff demanded return of the advanced investment funds but the defendant refused.
The defendant told the plaintiff that Chemtrack terminated their exclusive distribution contract on the basis of nonperformance. On February 1994, the plaintiffs attorney received a copy of the contract between the defendant and Chemtrack. According to the contract, the defendant was required to make a payment of $56,250 to Chemtrack by June 1993. The June 1993 date was two months prior to the defendant being induced by the plaintiff to send the first payment for the limited partnership shares. However, the plaintiff was never informed of this condition.
On January 12, 1995, the plaintiff filed suit in Texas Court, Smith County and obtained a default judgment against the defendant on August 3, 1995. On or about August 3, 1996, the plaintiff filed suit on its Texas judgment in the Boston Municipal Court. After a hearing in the Boston Municipal Court, the case was dismissed on November 26, 1996. The Boston Municipal Court found that the Texas Court lacked personal jurisdiction over the defendant because both the plaintiff and the defendant were residents of the Commonwealth of Massachusetts; the plaintiff had limited contacts with the state of Texas; the defendant had no contacts with the state of Texas.
The plaintiff then filed suit in Central Worcester District Court on March 24, 1997 and obtained a judgment and execution by default on October 1, 1997. The defendant subsequently filed a motion to vacate the judgment and on November 17, 1998, the court, sua sponte, dismissed the case after deciding that the case was essentially one of accounting, an equitable remedy, which the District Court lacked subject matter jurisdiction to grant.
The plaintiff then commenced this suit relative to these allegations on January 14, 1999 in Worcester Superior Court, almost six years after the cause of action arose.
DISCUSSION
All of the Counts in the defendant’s complaint are barred pursuant to the pertinent statute of limitations. Massachusetts General Laws Chapter 260, §2A provides that “actions of tort. . . shall be commenced only within three (3) years after the cause of action accrues.” In the case at bar, the plaintiffs cause of action accrued at the latest on or about February 1994.[3] This was the date in which the plaintiff received concrete information that led him to believe that injury had occurred at the hands of the defendant. See Pagliuca v. City of Boston, 35 Mass.App.Ct. 820 (1994); Bowen v. Eli Lilly & Co., 408 Mass. 204 (1990) (plaintiff must have knowledge or sufficient notice that he was harmed and knowledge or sufficient notice of what caused the harm).
Count I of plaintiffs complaint is fraud. The statute of limitations for the cause of action of fraud is three years pursuant to G.L.c. 260, §2A. See Riley v. Presnall, 409 Mass. 239, 240 (1991). Therefore, the plaintiffs allegation regarding fraud must fail because the three-year statute of limitations has already accrued.
Count II of plaintiffs complaint is breach of contract. Under a breach of contract claim, the three-year statute of limitations is not applicable. Instead, breach of contract claims have a six-year statute of limitations. According to G.L.c. 260, §2, “[a]ctions of contract . . . shall... be commenced only within six years . . . after the cause of action accrues.” Therefore, if in fact the cause of action were breach of contract, the plaintiffs claim would not be barred due to the statute of limitations.
However, unlike as the plaintiff contends, the plaintiffs claim in actuality is breach of fiduciary relationship between the parties. The plaintiff is not suing under any expressed contract. See Kirley v. Kirley, 25 Mass.App.Ct. 651, 654, rev. denied, 404 Mass. 1104 (1988). Instead, the allegations of the complaint involved negotiations for the joint investment of funds into a form of joint venture. Therefore, the essential transactions alleged establish fiduciary relationship between the parties. The three-year statute of limitations for torts applies to breach of fiduciary duty claims. G.L.c. 260, §2A; Kirley, 25 Mass.App.Ct. at 653 (a corporate “freeze-out” of a minority shareholder was held to be governed by the three-year statute of limitations applicable to actions of tort). Accordingly, this claim must also be dismissed because the three-year statute of limitations on such a wrong has already expired.
Lastly, Count III of plaintiffs complaint is that for conversion. Conversion is a tort under Massachusetts law. Abington Bank v. Ashwood Homes, Inc., 19 Mass.App.Ct. 503, 507 (1985). Accordingly, the three-year statute of limitations contained in G.L.c. 260, §2A also applies to this claim. Therefore, this claim is also barred by the statute of limitations.
Accordingly, all three counts of plaintiffs complaint are barred by the statute of limitations.
*58 ORDER
For the forgoing reasons, the defendant’s motion to dismiss is hereby ALLOWED as to all Counts of plaintiffs complaint.

On August 13, 1993, these funds were wired from a federally insured bank in Smith County, Texas, where the plaintiff was doing business at the time.

On February 1994, the plaintiff s attorney received a copy of the contract between the defendant and Chemtrack. According to the contract, the defendant was required to make a payment of $56,250 to Chemtrack by June 1993, this date was two months before the defendant induced the plaintiff to send the first payment for the limited partnership shares. However, the plaintiff was never informed of this condition.