The plaintiff, Raymond P. Vinnie, appeals from the allowance of the defendants' motions to dismiss his complaint. For the reasons set forth below, we affirm the judgment of dismissal.
Background. 1. 2004 action. This case arises out of the plaintiff's inability to obtain a default judgment in a prior lawsuit he filed on May 3, 2004, in Suffolk County Superior Court (2004 action). At the time, the plaintiff was an inmate at Souza-Baronowski Correctional Center. In the 2004 action, the plaintiff alleged medical malpractice and violations of the Eighth Amendment to the United States Constitution against three medical contractors for the Department of Correction (the medical defendants) and a Department of Correction employee.
The plaintiff served the defendants in the 2004 action by certified mail, mailed on June 2, 2004; the returns of service were docketed on June 25, 2004. There is no record evidence supporting any other date of service, as the plaintiff has never filed or produced the signed service of process receipts.
On July 2, 2004, without first moving for entry of default, the plaintiff requested a default judgment against all defendants in the 2004 action. On July 12, 2004, the defendants in the 2004 action filed their answers. On July 16, 2004, the Suffolk County Superior Court clerk's office sent the plaintiff notice of its refusal to enter the default judgment, indicating that the plaintiff had filed neither the signed return receipts from his service of process nor a request for entry of default. See Mass.R.Civ.P. 55(b)(1), as amended, 454 Mass. 1401 (2009) (for clerk to enter default judgment, defendant must, inter alia, have "been defaulted for failure to appear").[3] On August 13, 2004, the medical defendants filed an opposition to the plaintiff's request for a default judgment, asserting that they were served with the complaint on June 25, 2004. The plaintiff's request for default judgment was denied, and after further proceedings, summary judgment was granted in favor of the defendants. This court affirmed that judgment in March, 2013. See Vinnie v. Enaw, 83 Mass. App. Ct. 1119 (2013).
2. 2015 complaint. Two years later, on June 15, 2015, the plaintiff filed the complaint at issue here. He alleged that the attorney defendants, who had represented the defendants in the 2004 action, and Donovan conspired to fraudulently deny him the entry of a default judgment in the 2004 action.[4] He further alleged that the defendants in the 2004 action were served on June 2, 2004, and that the June 25 date indicated in the opposition motion was a lie by the attorney defendants designed to block the plaintiff's request for a default judgment. The 2015 complaint was dismissed by a judge of the Superior Court as time-barred by the statutes of limitations pertaining to the various claims. This appeal followed.
Discussion. "We review the allowance of a motion to dismiss de novo." Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). We accept as true the allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. Ibid.
1. Section 1983 claims. In his 2015 complaint, the plaintiff asserted claims under 42 U.S.C. § 1983 (2012). Section 1983 claims "borrow the forum [S]tate's statute of limitations for personal injury claims." Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004). Under the Massachusetts statute, a plaintiff must file a personal injury action within three years "after the cause of action accrues." G. L. c. 260, § 2A, as amended by St. 1973, c. 777, § 1. For § 1983 claims, "Federal law determines the date on which the claim accrued." Rodriguez-Garcia, supra. "Under [F]ederal law, the limitations period begins to run when the plaintiff 'knows or has reason to know of the injury which is the basis for his claim.' " Id. at 96-97, quoting from RodriguezNarvaez v. Nazario, 895 F.2d 38, 41 n.5 (1st Cir. 1990). The limitations period begins to run even if the consequences of the triggering injury are not yet felt. Chardon v. Fernandez, 454 U.S. 6, 8 (1981). See Pagliuca v. Boston, 35 Mass. App. Ct. 820, 822 (1994).
Here, the facts supporting the plaintiff's claim that the attorney defendants and court clerk colluded to block the plaintiff's motion for a default judgment would have been known to him by mid-August, 2004, when the defendants filed the opposition to his motion for default judgment. By then, the plaintiff knew the clerk had recorded a June 25, 2004, return of summons date and had rejected the plaintiff's motion for a default judgment in part because the plaintiff had not filed signed return of service receipts. In their opposition filing, the defendants had averred that they were served with the complaint on June 25. Accordingly, all the facts that form the basis of the plaintiff's 2015 complaint were known to him in August, 2004, thus starting the clock on the three-year limitations period. We conclude, therefore, as did the judge below, that the plaintiff's § 1983 claims are time-barred.
2. Tort claims. The three-year statute of limitations set forth in G. L. c. 260, § 2A, also applies to the plaintiff's tort claims. Massachusetts law mirrors Federal law in determining the date on which a cause of action in tort accrues. See Bowen v. Eli Lilly & Co., 408 Mass. 204, 207 (1990) ("[T]he statute of limitations starts to run when an event or events have occurred that were reasonably likely to put the plaintiff on notice that someone may have caused [his] injury," and "[t]he plaintiff need not know the full extent of the injury before the statute starts to run"). Accordingly, the plaintiff's tort claims fail for the same reasons that his § 1983 claims fail-the claims accrued in 2004, and the statute of limitations had run by the time he filed his complaint in 2015.
3. Massachusetts Civil Rights Act claims. The same is true for the plaintiff's claims under G. L. c. 12, §§ 11H and 11I. The three-year limitations period begins "on the date of the allegedly wrongful acts, unless the wrong is 'inherently unknowable.' " Pagliuca v. Boston, 35 Mass. App. Ct. at 823, quoting from Flynn v. Associated Press, 401 Mass. 776, 781-782 (1988). There is nothing in the record to suggest that any of the facts in support of the plaintiff's claims were unknowable to him. This is a matter that the plaintiff vociferously litigated all the way through his prior appeal. He was well aware of the record dates.
4. Chapter 93A claim. General Laws c. 260, § 5, provides a one-year statute of limitations for the G. L. c. 93A claim asserted here. See Passatempo v. McMenimen, 461 Mass. 279, 292 (2012). Therefore, to the extent that the plaintiff pleads a claim under G. L. c. 93A, it is also time-barred.
5. Rule 60(b). Finally, to the extent the plaintiff requests relief from the final judgment in the 2004 action due to fraud under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), that claim is also time-barred. Under rule 60(b), a party may move within one year of entry of a final judgment obtained by fraud for relief from that judgment. A party may also file an independent action instead of a rule 60(b) motion, but that does not negate the one-year limitations period. Sahin v. Sahin, 435 Mass. 396, 401 (2001). Here, final judgment in the plaintiff's 2004 action entered in 2004; it was affirmed by this court in 2013, and further appellate review was denied in the same year. Accordingly, the plaintiff's 2015 complaint based on the 2004 judgment exceeded the one-year limitations period applicable to rule 60(b) motions and its related independent actions. We discern no error.[5]
Judgment affirmed.

The version of rule 55(b)(1) in effect in 2004 contained this identical language.

Specifically, the plaintiff claims the attorney defendants and Donovan violated the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution; art. XV of the Massachusetts Declaration of Rights; G. L. c. 12, §§ 11H -11I ; G. L. c. 258, § 2 ; G. L. c. 93A, § 2 ; and 42 U.S.C. § 1983 (2012), and committed the torts of fraud; negligent infliction of emotional distress; intentional infliction of emotional distress; and interference with a prospective advantage. The plaintiff also asserts that the final judgment in the 2004 action is invalid due to fraud, a claim cognizable under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974).

Although we do not base our decision on collateral estoppel grounds, we do note in passing that in Vinnie v. Enaw, 83 Mass. App. Ct. at 1119, this court expressly concluded that "Vinnie [was] not entitled to a default judgment in his favor."