**Charles HYLAND, Plaintiff,**

v.

**DENNISON MANUFACTURING COMPANY and Nelson Gifford, Defendants.**

**Civ. A. No. 77–3576–G.**

United States District Court, D. Massachusetts.

Sept. 17, 1980.

Sumner J. Chertok, Boston, Mass., for plaintiff.

Thomas F. Curry, Needham, Mass., for defendants.

## MEMORANDUM AND ORDER DISMISSING COMPLAINT

GARRITY, District Judge.

Plaintiff brought this action pursuant to the Economic Stabilization Act of 1970 (ESA), Section 210(a) (12 U.S.C. § 1904 note (Supp.1975)),[1] and the regulations promulgated thereunder, 6 C.F.R. § 300.11(c) (1973), for damages resulting from his alleged wrongful termination of employment in retaliation for his assertion of rights conferred by the ESA. Defendants move for judgment under Rule 12(c), Fed.R. Civ.P., on the ground that plaintiff's claim was not filed within the two–year time limitation for tort actions provided by Mass. G.L. c. 260, § 2A at the time the claim arose. Plaintiff contends that the appropriate time limitation is the six–year period for contract actions provided by Mass.G.L. c. 260, § 2. Briefs were filed and we heard oral arguments.

▆ Section 210 of the ESA does not contain a limitation provision. The usual rule in this situation is to apply the most analogous state law of limitations. *Ashland Oil Co. v. Union Oil Co.*, Em.App.1977, 567 F.2d 984, 989; *see, e. g., Runyon v. McCrary*, 1976, 427 U.S. 160, 179–80, 96 S.Ct. 2586, 2598–99, 49 L.Ed.2d 415; *Graffals Gonzalez v. Garcia Santiago*, 1 Cir. 1977, 550 F.2d 687, 688. But even the most analagous state limitation period will not be borrowed if its application would be incon- sistent with the policies underlying the federal statute. *Occidental Life Insurance Co. v. EEOC*, 1977, 432 U.S. 335, 367, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402; *Ashland Oil Co.*, 567 F.2d at 989; *Curran v. Portland Superintending School Committee*, D.Me.1977, 435 F.Supp. 1063, 1080.

▆ In the present case, the plaintiff alleges that he was discharged from his employment with Dennison at a meeting on November 19, 1973 because, as manager of the consumer products division, he refused to increase the base price for these products above the level authorized by the ESA. This action of the defendants is alleged to violate an enforcement regulation promulgated by the Price Commission under the authority of the ESA:

> No person may take retaliatory action against any other person who . . . exercises any rights conferred by [the ESA]. For purposes of this paragraph, "retaliatory action" includes any . . form of harassment, or any inducement of others to retaliate.

6 C.F.R. § 300.11(c) (1973). Further, plaintiff alleges that his discharge was not for "good cause," in breach of his employment agreement with Dennison, and therefore a "legal wrong [suffered] because of [an] act or practice arising out of [the ESA]." 12 U.S.C. § 1904 note, § 210(a) (Supp.1975).

We believe that the most appropriate and analogous Massachusetts law of limitation is Mass.G.L. c. 260, § 2A, for tort. First, the provisions of the ESA relied upon by the plaintiff impose duties of conduct based on social policies, and not on any agreement of the parties. Hence, a violation of the ESA is most analogous to a tort. *See* the *Graffals Gonzalez* case, *supra*, stating at 688, "The duties of conduct which give rise to [tort actions] are imposed by the law, and are based primarily upon social policy." *See also Ware v. Colonial Provision Co.*, D.Mass.1978, 458 F.Supp. 1193, 1195–96.

---

1. Section 210(a) of the ESA, no longer in force, provides:

   § 210. Suits for damages or other relief (a) Any person suffering legal wrong because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto, may bring an action in a district court of the United States, without regard to the amount in controversy, for appropriate relief, including an action for a declaratory judgment, writ of injunction . . and/or damages.

   12 U.S.C. § 1904 note, § 210 (Supp.1975).

Second, we believe the tort statute of limitations appropriate and consistent with the policies underlying § 210(a) of the ESA. This section granted a federal cause of action to any private individual injured as a result of another's violation of the ESA in order to assist the government in assuring compliance with the price and rent regulations promulgated under the Act.[2] "There is no suggestion whatever in the statutory structure undergirding the [§ 210] claims before us that Congress intended no limitation provisions to apply or that state statutes of limitations should not be looked to in accordance with the general rule in the absence of express federal provision." *Ashland Oil Co. v. Union Oil Co., supra,* at 989. Accordingly, the nature of the interests protected by the ESA and the policies of that statute dictate that this action be characterized a tort for the purpose of choosing the appropriate statute of limitation.

Since the complaint was not filed within the then applicable period prescribed for a tort action by Mass.G.L. c. 260, § 2A, it is ordered dismissed with prejudice.

---

2. The House Report stated in reference to § 210:

The Committee, in line with the Administration's emphatic request for voluntary surveillance to assure compliance with price and rent regulations and orders, adopted this section so that it would serve not only to provide a means to recover losses, but would provide a strong deterrent to those who would willfully violate this Act.

H.R.Rep.No.714, 92nd Cong., 1st Sess. (1971).