Peter R. GIUFFRE, Plaintiff,

v.

DELTA AIR LINES, INC., et al., Defendants.

Civ. A. No. 88–0808–H.

United States District Court, D. Massachusetts.

Oct. 16, 1990.

Joseph W. Monahan, III, Cambridge, Mass., for plaintiff.

Wilfred J. Benoit, John Foskett, Holly K. Salamido, Deutsch Williams Brooks, DeRensis, Holland & Drachman, P.C., Boston, Mass., D. Michael Keen, Law Dept., Delta Air Lines, Inc., Hartsfield Atlanta Intern. Airport, Atlanta, Ga., Hunter Hughes, Rodgers & Hardin, Atlanta, Ga., for defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on defendants' Motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff is a former employee of Delta Air Lines, Inc. ("Delta"), who contends that he was wrongfully denied continued long-term disability benefits from the Delta Family–Care Disability and Survivorship Plan (the "Plan") and wrongfully terminated by Delta.[1]

Plaintiff has filed a three-count Complaint. Count One is against the Plan pursuant to the Employee Retirement Income Security Act ("ERISA") and seeks payment of long-term disability benefits under Delta's employee welfare plan. 29 U.S.C. § 1132. Count Two is against Delta and alleges that Delta violated ERISA because it terminated the plaintiff for exercising his rights under the Plan. 29 U.S.C. § 1140. Count Three is a state law claim against Delta for breach of contract.

Plaintiff makes his claims as a result of injuries sustained in a non-work related car accident in July, 1982. Following the accident, plaintiff applied for and received short-term disability benefits from the Plan from July 6, 1982 through June 3, 1983. The plaintiff then received long-term disability benefits from June 4, 1983 through August 18, 1983.

The employee welfare plan in question provides that to be entitled to continued long-term benefits, the plaintiff must be "[t]otally and [p]ermanently Disabled, that is disabled as the result of a demonstrable

---

**1.** The Delta Family–Care Disability and Survivorship Plan is responsible for the administration and payment of benefits under Delta's employee welfare benefit plan and is a separate legal entity from Delta Air Lines, Inc.

injury or disease from engaging in any occupation or performing any work anywhere for compensation or profit." Because the Plan found that the plaintiff was not totally and permanently disabled, the Plan denied the plaintiff continued long-term benefits.

The Plan provided a two-level appeal process, the Subcommittee and the Committee. The plaintiff was informed of this appeal procedure and appealed to the Subcommittee. The Subcommittee upheld the Plan's denial of the plaintiff's long-term benefits. The plaintiff was informed that he could further appeal to the Committee. Plaintiff, however, did not request a review by the Committee.

Under the standard practice and policies of Delta, plaintiff was obligated to return to his work within 30 days after the determination that he was no longer eligible for disability payments. After being informed of the denial of continued long-term benefits, plaintiff requested that Delta find him a "light duty" job. A physician's report indicated various job limitations which included, among other limitations, the plaintiff's inability to sit or stand for extended periods of time. After meeting with various Delta officials, plaintiff was informed that Delta did not have a job which met his requirements. Plaintiff's employment was subsequently terminated in November of 1983. In March of 1988, approximately four and one-half years after his discharge from Delta, plaintiff filed this Complaint against the Plan and Delta.

Both defendants, the Plan and Delta, have moved for summary judgment. The Plan asserts that the plaintiff's failure to exhaust his administrative remedies precludes him from instituting suit. Delta asserts (1) that the plaintiff's ERISA claim is time-barred; (2) that there is no evidence to support the plaintiff's assertion that Delta terminated him in retaliation for his exercise of rights under the plan; and (3) that the plaintiff's state law claim in Count Three is preempted by ERISA. The plaintiff concedes that his state law claim is preempted. Count Three is, therefore, dis-

missed with prejudice. We address the remaining Counts One and Two.

### Count One Against the Plan

Purely contractual claims for benefits pursuant to a particular plan are subject to the exhaustion requirement. *See Treadwell v. John Hancock Mutual Life Ins. Co.*, 666 F.Supp. 278, 283 (D.Mass. 1987). Plaintiff's claim against the Plan is purely contractual. As to the Plan, the plaintiff is required to have exhausted his administrative remedies. However, the plaintiff asserts that he should not be required to exhaust administrative remedies because an appeal of the Plan's decision would be futile.

Traditional exhaustion principles do include an exception for instances "when resort to the administrative route is futile or the remedy inadequate." *See Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 826 (1st Cir.1988). For this exception to apply, however, the plaintiff must assert facts supporting his claim of futility. *Id.* The Plan contends that its appeal procedure, if employed, would produce a full and fair review and an appropriate disposition of Giuffre's claim. Giuffre's contention that resort to this review process would have been futile or inadequate lacks substance and is unsupported by the evidence.

Motion for Summary Judgment is granted on Count One against the Plan on the basis that Giuffre has failed to pursue his administrative remedies.

### Count Two Against Delta

Congress has provided no specific statute of limitations for an action brought pursuant to 29 U.S.C. § 1140. Under such circumstances, the appropriate period is determined by reference to the state statute of limitations governing cases most analogous to the cause of action asserted by plaintiff. *Gavalik v. Continental Can Co.*, 812 F.2d 834, 843 (3d Cir.1987).

Delta contends that the three-year limitation period for a tort action is the most analogous state law claim. Plaintiff, on the other hand, asserts that a contract action is the most analogous state law claim

and, therefore, the period of limitation is six years.

The plaintiff's claim for retaliatory discharge is most analogous to a tort action. *See Hyland v. Dennison Mfg. Co.*, 496 F.Supp. 939, 940 (D.Mass.1980); *see also Reynolds Industries, Inc. v. Mobil Oil Corp.*, 618 F.Supp. 419, 422 (D.Mass.1985) (citing with approval *Hyland v. Dennison, supra*). *But see Price v. United Parcel Service, Inc.*, 601 F.Supp. 20, 23 n. 1 (D.Mass.1984) (bad faith termination is in essence and nature contract claim and not tort claim). Since the plaintiff did not bring the ERISA action within three years from the time in which the cause of action accrued, the ERISA claim is time-barred.

Nevertheless, even assuming that the plaintiff is correct and that the six-year contract limitation period applies, the plaintiff has failed to set forth concrete facts which would allow a reasonable juror to find that Delta terminated his employment in retaliation for plaintiff's exercise of his rights under the employee welfare plan. Plaintiff surmises that Delta must have had another job for him and that the only reasonable interpretation of its action is that it wished to retaliate against him because he had exercised his rights under the Plan. Plaintiff's allegation is based on pure conjecture. There is not a scintilla of evidence from which a reasonable juror could find that Delta's termination of plaintiff was motivated by a desire to interfere with plaintiff's rights under ERISA. Accordingly, Delta's Motion for Summary Judgment as to Count Two is also granted.

The case is ordered dismissed.